## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR CHEN and JANE CHEN, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2307 |
| | § | |
| TOYOTA MOTOR SALES USA, INC. | § | |
| and JOE MYERS TOYOTA, INC., | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment [Doc. # 20] filed by Defendant Joe Myers Toyota, Inc. ("Joe Myers") and the Motion for Summary Judgment [Doc. # 21] filed by Defendant Toyota Motor Sales USA, Inc. ("Toyota Motor").  After the Court *sua sponte* extended the deadline for a response, Plaintiffs Victor Chen and Jane Chen filed a Response to Toyota Motor's Motion [Doc. # 23] and a Response to Joe Myers's Motion [Doc. # 24].  Each Defendant filed a Reply [Docs. # 25 and # 26].  Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Defendants' Motions.

## I.     FACTUAL BACKGROUND

In August 2008, Plaintiff Victor Chen was the driver of a 2003 Toyota RAV4 in which Plaintiff Jane Chen was a passenger.  Plaintiffs allege that they were struck on the driver's side of the vehicle by a 2008 Toyota 4-Runner driven by Gloria Jean

Garza, causing the RAV4 to roll over onto its top.  The RAV4 driven by Plaintiffs was manufactured by Toyota Motor Corporation, not a party to this lawsuit.

Plaintiffs sued Toyota Motor, the national distributor of Toyota vehicles. Plaintiffs also sued Joe Myers, the Toyota dealer from whom Plaintiffs purchased their RAV4.[1]  Plaintiffs assert strict liability based on an alleged defect in the design, manufacture or marketing of the RAV4.  Plaintiffs also assert negligence and marketing defect causes of action based on alleged deficient warnings regarding the safe use of the RAV4, and causes of action for misrepresentation and fraudulent concealment.  After an adequate time to complete discovery, Defendants moved for summary judgment.  The motions have been fully briefed and are ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075

---

[1]     In deposition, Victor Chen testified that he purchased the RAV4 from Fred Haas Toyota, and Jane Chen testified that she did not remember the dealer from whom they purchased the RAV4.  Defendants do not dispute, however, that Plaintiffs purchased the RAV4 from Joe Myers.

(5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the

light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

The non-movant's burden is not met by mere reliance on the allegations in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   ANALYSIS

Under Texas law, a non-manufacturing seller of a product is not liable for harm caused to the plaintiff by the product unless one of seven exceptions applies. *See* TEX. CIV. PRAC. & REM. CODE § 82.003(a).  Plaintiffs allege that exceptions five and six apply, but they have failed to present evidence to support the application of either exception.

Exception (5) permits liability against a non-manufacturing seller of a product if the seller made an express, inaccurate "factual representation about an aspect of the

product" and certain other requirements are satisfied.  Exception (6) permits liability against a non-manufacturing seller of a product if the seller "actually knew of a defect to the product at the time the seller supplied the product" and harm resulted from the known defect.  *See id.*

With reference to Exception (5), Plaintiffs have failed to present evidence that either Defendant made any inaccurate representations to Plaintiffs in connection with the RAV4.  Indeed, Plaintiffs both testified in deposition that they do not recall any specific representations made in connection with their purchase of the vehicle.

With reference to Exception (6), Plaintiffs have failed to present evidence that either Defendant actually knew of a defect in the RAV4.  Plaintiffs argue that the National Highway and Traffic Safety Administration ("NHTSA") has given the RAV4 a three-star stability and safety rating (out of a possible five stars).  Plaintiffs do not, however, present any evidence of the NHTSA's three-star rating or that the NHTSA considers the RAV4 defective in any way.  Defendants, on the other hand, have presented evidence from experts that the RAV4 is not defective or otherwise unreasonably dangerous.  *See* Affidavits of Donald Tandy, Jr., Dr. William Van Arsdell, and Dr. Robert Banks.  Plaintiffs have failed to designate any expert witnesses in this case or to present expert evidence in support of their claims.  Because Plaintiffs have failed to present evidence to raise a genuine issue of material fact in

support of any claim asserted in the Amended Complaint [Doc. # 15], Defendants are entitled to summary judgment.[2]

## IV.   CONCLUSION AND ORDER

Plaintiffs have not presented evidence to support any claim asserted against either Defendant.  Instead, they rely exclusively on the allegations in the Amended Complaint and the arguments of counsel.  This is insufficient to avoid summary judgment.  Accordingly, it is hereby

**ORDERED** that Defendants' Motions for Summary Judgment [Docs. # 20 and # 21] are **GRANTED**.   The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this **19th** day of **May, 2011**.

Nancy F. Atlas
United States District Judge

---

[2]    Plaintiffs identify a number of "issues of fact" in the case, such as what speeds the vehicles were traveling at the time of impact, whether Jane Chen was wearing a seat belt, and other questions.  Plaintiffs have not, however, presented any evidence whatsoever to establish that the alleged factual disputes are either genuine or material.